IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT E. COFIELD, ) | No. C 13-0915 JSW (PR) |
| Plaintiff, ) | |
| ) | **ORDER GRANTING RECONSIDERATION;** |
| v. ) | **VACATING JUDGMENT AND DISMISSAL ORDER;** |
| MOHAMMAD A. ISCANDARI, ) | **DISMISSING CASE ON NEW GROUNDS; GRANTING IN** |
| Defendants. ) | **FORMA PAUPERIS STATUS** |
| _____ ) | (Docket No. 3) |

On February 28, 2013, Plaintiff, a California prisoner proceeding pro se, filed civil action in this Court. The case was dismissed because Plaintiff had not paid the filing fee nor completed an application to proceed in forma pauperis ("IFP") by the deadline. Plaintiff has filed a motion to reopen the case showing that he filled out his portion of the application and submitted it to prison officials to complete a statement from his inmate trust account and certificate of funds form. Through no fault of Plaintiff, those forms were not completed by officials, the deadline was missed, and the case dismissed. Therefore, the motion to reconsider the case (dkt. 6) is GRANTED and the order and judgment dated May 1, 2013 (dkt. 4, 5) are VACATED.

A review of the complaint pursuant to 28 U.S.C. § 1915A(a) reveals that it does not state a cognizable claim. Plaintiff claims that defendant, an attorney, provided

ineffective assistance of counsel at his trial.  This claim is not cognizable for two reasons.  First, public defenders and private attorneys are not state actors and may not be sued under 28 U.S.C. § 1983 for their actions in defending an accused in criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders not state actors); *accord Vermont v. Brillon*, 129 S. Ct. 1283, 1291-92 (2009); see *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private attorneys are not state actors); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (same).  Secondly, if proven true, plaintiff's claims that he received ineffective assistance of counsel at trial would call into question the validity of his conviction and sentence in state court.  As such, the claims are barred under the doctrine of , at least until the conviction and sentence are overturned on appeal, vacated, expunged, or otherwise invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Consequently, the complaint is DISMISSED for failure to state a cognizable claim for relief.

      Plaintiff's application to proceed in forma pauperis (dkt. 3) is GRANTED and no initial partial filing fee is due.

      The Clerk shall enter a new judgment and close the file.

      IT IS SO ORDERED.

DATED: May 21, 2013

JEFFREY S. WHITE  
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VINCENT E COFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>MUHAMMAD A ISCANDARI et al,<br><br>    Defendant. _____/ | Case Number: CV13-00915 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent E. Cofield G131012
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: May 21, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk